# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 19-cr-20615

v.                           Judith E. Levy
                                United States District Judge

Gavino Pulido,

                                Mag. Judge David R. Grand

                Defendant.

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RECOMMENDATION OF CONFINEMENT AT A RESIDENTIAL RE-ENTRY CENTER[44]

Defendant Gavino Pulido pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). (*See* ECF No. 42.) On March 15, 2021, Defendant was sentenced to a prison term of forty-eight months. (*See id.*) The Federal Bureau of Prisons (the "BOP") projects that he will be released on August 30, 2024. (ECF No. 44, PageID.165–167.) Before the Court is Defendant's *pro se* motion for a recommendation from the Court that he serve the "12 months preceding the end of his sentence" in a "Residential Re-entry Center/Halfway House[.]" (*Id.* at PageID.151.) For the reasons set forth below, Defendant's motion is DENIED WITHOUT PREJUDICE.

The Second Chance Act of 2007 states, in relevant part, that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624. Such placement is intended to "afford that [individual] a reasonable opportunity to adjust to and prepare for the reentry of that [individual] into the community." 18 U.S.C. § 3624(c)(1). The First Step Act of 2018 modified 18 U.S.C. § 3624 by elaborating the appropriate risk assessment levels for individuals placed in prerelease custody. Pub. L. No. 115–391, § 102, 132 Stat. 514 (2018). However, the First Step Act did not change that the BOP—not the Court—has the authority to make determinations related to prerelease custody. *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at \*2 (N.D. Ohio Oct. 10, 2019). Further, "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it." *United States v. Burkhart*, No. CR 6:03-036-DCR, 2019 WL

615354, at *2 (E.D. Ky. Feb. 13, 2019) (quoting *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)).

In determining whether placement in a residential reentry center or other prerelease custody is appropriate, the BOP conducts an individualized assessment based on the five factors set out in 18 U.S.C. § 3621(b). *See, e.g.*, *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (per curiam). One of those factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate."[1] 18 U.S.C. § 3621(b)(4). However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on the BOP. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331

---

[1] Courts in this District are divided over whether issuing such a recommendation after sentencing is appropriate. *Compare United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at *1 (E.D. Mich. July 25, 2019) (recommending defendant serve the last 12 months of his sentence in an RRC) with *United States v. Tipton*, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) ("Defendant has not shown that the Court has authority to make a judicial placement recommendation."). However, the text of § 3621(b)(4) does not limit judicial recommendations to those made at sentencing. Instead, it provides that BOP must consider "*any statement* by the court that imposed the sentence"—not just those made at sentencing. 18 U.S.C. § 3621(b)(4) (emphasis added).

(2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program. But decisionmaking [sic] authority rests with the BOP." (internal citation omitted)).

The appropriate time for a judicial recommendation regarding placement in an RRC is seventeen to nineteen months before an individual's projected release date, when the BOP conducts its review for such a potential placement. *See Galvin v. Sepanek*, No. 12-CV-119-HRW, 2014 WL 4230467, at \*2 (E.D. Ky. Aug. 25, 2014) (quoting *Ramirez v. Eichenlaub*, No. 06-CV-1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008)); *see also United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at \*1 (E.D. Mich. July 25, 2019) (noting that Hall's previous motion for a judicial recommendation had been denied because he was not within seventeen to nineteen months of his projected release date). By adopting BOP's timeline for determining the appropriate length of an RRC placement, a court ensures that it has a more complete record of the defendant's time in custody before making its recommendation.

Defendant has served approximately sixteen months of his original forty-eight-month sentence and, according to the Court's calculation, will not be eligible for placement in an RRC until August 30, 2023, at the

earliest. (*See* ECF No. 44, PageID.165–167.) The Court applauds Defendant for his efforts thus far to gain skills that will assist him in being productive and successful following his release. However, because there are still more than twenty-four months until Defendant's projected release date, his motion for a recommendation from the Court to be placed in an RRC for the last twelve months of his sentence is premature.

Accordingly, Defendant's motion for a judicial recommendation for a RRC placement is DENIED WITHOUT PREJUDICE. Defendant may renew this motion with the Court when he is within twenty months of his projected release date.

IT IS SO ORDERED.

Dated: July 28, 2022          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager